IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JOHN ROBERT DEMOS JR., | **MEMORANDUM DECISION AND ORDER** |
| Plaintiff, | |
| vs. | Case No. 2:10-CV-285-DAK |
| UNITED STATES OF AMERICA, | District Judge Dale A. Kimball |
| Defendant. | |

Plaintiff/inmate John Robert Demos Jr., filed a civil rights complaint against Defendant United States of America.[1] He moves to proceed *in forma pauperis*. As discussed below, the Court concludes that Demos must pay the filing fee before this case can proceed.

The *in forma pauperis* statute allows an indigent prisoner to file a complaint in federal court without prepaying the filing fee.[2] But, it restricts those who have repeatedly filed complaints that are frivolous or fail to state a valid claim. In relevant part, the statute provides:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.[3]

"These fee provisions are intended 'to reduce frivolous prisoner litigation by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees.'"[4]

---

[1] The court construes these pro se filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[2] 28 U.S.C.S. § 1915(a) (2010).

[3] *Id*. § 1915 (g).

[4] *Cosby v. Meadors*, 351 F.3d 1324, 1327 (10th Cir. 2003) (quoting *In re Smith*, 114 F.3d 1247, 1249 (D.C.Cir. 1997)).

The Court is aware that the United States District Court for the Northern District of Alabama Southern Division has very recently stated, "Plaintiff [Demos] has a lengthy history of vexatious litigation in the federal courts, and has had well over three cases dismissed as frivolous while incarcerated . . . . Thus, plaintiff comes within the provision of 28 U.S.C. § 1915(g), which precludes him from filing the instant action in forma pauperis . . . ."[5] As the Tenth Circuit states, "A federal court may take notice of proceedings in other federal courts when those proceedings are relevant to matters at issue."[6]

Section 1915(g) applies here because (1) Demos was a prisoner when he filed this complaint; and (2) he has filed three or more prior cases in federal court that have been dismissed as frivolous or failing to state a claim. The language of section 1915(g) is mandatory. Thus, a federal prisoner who falls within the three-strikes provision is required to prepay the entire filing fee before his claims may proceed.

## ORDER

Demos is not eligible to proceed without prepaying the filing fee in this case because he has filed three or more cases in federal court which have been dismissed as frivolous or failing to state a claim, and the complaint does not fall within the three-strikes exception. Therefore,

---

[5] *Demos v. United States*, No. 2:10-CV-0758-WMA-RRA, slip op. at 2 (S.D. Ala. April 6, 2010).

[6] *See White v. Colorado*, 157 F.3d 1226, 1232 (10th Cir. 1998) (citing *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979)).

Demos is **DENIED** leave to proceed without prepayment of fees. He is **ORDERED** to pay the entire $350 statutory filing fee within thirty days from the date of this order. Failure to do so will result in the dismissal of the complaint.

April 7, 2010.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge